J-A13011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM DOOLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FLOYD A. TATE JR., BNG LOGISTICS, | : | No. 1721 EDA 2020 |
| LLC, AND BNG TRANSPORTATION | : | |
| INCORPORATED | : | |

Appeal from the Judgment Entered September 4, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s): No. CV-2017-008071

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 27, 2021**

Appellant, William Dooley, appeals from the judgment entered on September 4, 2020, against him and in favor of Appellees, Floyd A. Tate Jr., and BNG Logistics, LLC.[1, 2]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Dooley purports to appeal from the "Order/Judgment" entered on September 4, 2020.  **See** Notice of Appeal, 9/11/20.  However, our review of the docket shows that no order was entered on September 4, 2020; only the judgment was entered on that day.  Furthermore, "an appeal properly lies from the entry of judgment, not from the denial of post-trial motions."  **See Hall v. Jackson**, 788 A.2d 390, 395 n.1 (Pa. Super. 2001) (citation omitted).  We have amended the caption accordingly.

[2] This Court expended considerable time trying to determine what happened to Dooley's claims against the third Appellee listed in the caption, BNG Transportation Incorporated.  While we suspected that BNG Transportation Incorporated had been dismissed from the action somehow, neither party —
*(Footnote Continued Next Page)*

Dooley seeks damages for personal injuries sustained in a September 23, 2015 automobile accident. Dooley filed a complaint sounding in negligence against Tate, the tractor-trailer driver that rear-ended him in that accident, and Tate's employer, BNG Logistics, LLC. In March of 2020, the case went to a jury trial. The trial court described the relevant facts adduced at trial as follows:

> At trial, [Dooley] and [Tate] gave conflicting versions of the accident. Both were traveling southbound on route I-476 towards Media and Swarthmore, Delaware County, Pennsylvania[,] on the evening of September 23, 2015. … Dooley testified that congested traffic caused him to brake and stop before he was rear[-]ended by [Tate's] tractor-trailer. [Tate] testified that prior to impact, he was traveling southbound in the passing lane when his flow was interrupted by an automobile which had suddenly

_____

nor the trial court — mention if, and how, Dooley's claims against BNG Transportation Incorporation were disposed of, and our own review of the docket did not reveal any telling information. Despite this lack of forthcoming information, we could not simply overlook this ambiguity as it informs our jurisdiction to hear Dooley's appeal. **See** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court."); **Takosky v. Henning**, 906 A.2d 1255, 1258 (Pa. Super. 2006) ("A final order is one that disposes of **all the parties and all the claims in a case**, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. The appealability of an order goes directly to the jurisdiction of the Court asked to review the order.") (citations, quotation marks, and brackets omitted; emphasis added). Only after a painstaking review of the entire record did we discover that the parties agreed to remove BNG Transportation Incorporation from the action. **See** Report and Award of Arbitrators, 3/27/19 (single page) (containing a hand-written note that BNG Transportation Incorporation was "removed by consent of the parties"). We note our displeasure with the parties for not including this information in their statements of the case, and we encourage them to make a cleaner, clearer record in the future.

- 2 -

pulled in front of him and braked. After recovering, Tate added that [Dooley] proceeded to pull in front of his truck and proceed behind the erratic driver. As Tate continued down the highway, Tate testified that [Dooley] appeared to have chased after and then pulled alongside the vehicle which had originally darted in front of his tractor-trailer. As the two … vehicles were side by side, both suddenly braked and stopped. Tate testified that the trafficway in front of both vehicles was clear. After the testimony of both [Dooley] and [Tate], Exhibit D-3[ — a two-minute-and-twenty-one-second dashcam video taken from the front of Tate's tractor-trailer at the time of accident —] was played in its entirety twice for the jury in the courtroom.

Trial Court Opinion (TCO), 11/4/20, at 3-4.

On March 6, 2020, the jury rendered a verdict, finding that Dooley's negligence was a factual cause of the harm to him, and attributing negligence at 65% to Dooley and 35% to Tate. On March 16, 2020, Dooley filed a motion for a new trial, which the trial court subsequently denied. On September 4, 2020, judgment was entered on the docket in favor of Tate and BNG Logistics, LLC, and against Dooley. Thereafter, Dooley filed a timely notice of appeal. The trial court then instructed Dooley to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely did so.

Dooley poses a single question for our review:

Is the jury's determination that [Dooley], whose vehicle was rear-ended by a tractor-trailer, was 65% negligent so contrary to common sense and logic and inherently improbable and at variance with admitted or proven facts and with ordinary experience as to render it shocking to one's sense of justice?

Dooley's Brief at 4.

Dooley argues that the trial court "erroneously failed to grant a new trial because the jury's determination that [he] was 65% negligent defies common sense and logic and is so inherently improbable, and at variance with admitted

- 3 -

or proven facts or with ordinary experience as to render it shocking to one's sense of justice." *Id.* at 15.  Specifically, Dooley insists that "[t]he cause of the rear-end collision was [Tate's] failure to drive his truck slowly enough to stop within the assured clear distance." *Id.*  Moreover, Dooley maintains that the statute upon which Tate relied at trial to demonstrate Dooley's negligence — 75 Pa.C.S. § 3364(a)[3] — "does not apply to one who decelerates in the face of gridlocked traffic and then, after the congestion eases, fails to accelerate as quickly as the truck driver behind him might predict." *Id.*  Here, Dooley claims that he "slowed down to a speed of approximately 45 miles per hour in a 65 mile per hour speed zone in the face of slowing traffic in front of him. Slowing down to a speed of 20 miles per hour less than the maximum speed does not … constitute 'impeding' traffic." *Id.* at 20 (citation omitted).  Thus, he says that he "did not drive at so slow a speed as to impede the normal and reasonable movement of traffic.  Rather, [Tate] miscalculated when he assumed that [Dooley], who had been caught in slow-moving traffic, would quickly accelerate after the congestion eased." *Id.* at 15.  Dooley further adds that the dashcam video and testimony at trial disprove Tate's accusations

---

[3] Section 3364(a) provides that:

> **(a) Impeding movement of traffic prohibited.**--Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic.

75 Pa.C.S. § 3364(a).

that Dooley and the erratic driver were hovering next to each other, and that Dooley made a dramatic change in speed. *Id.* at 24 (citations omitted).

We apply the following standard of review to weight-of-the-evidence claims:

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court may award a … new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. When a fact[finder's] verdict is so opposed to the demonstrative facts that looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against the bizarre and erratic conclusion, it can be said that the verdict is shocking.

*Haan v. Wells*, 103 A.3d 60, 70 (Pa. Super. 2014) (brackets in original; internal citations and quotation marks omitted).

Here, in rejecting Dooley's challenge to the weight of the evidence, the trial court opined:

> The dash[cam] video enabled the jurors to assess and determine the credibility of both [Dooley] and [Tate] regarding their

- 5 -

conflicting testimony as to liability. Both parties were able to describe their driving attention, speed[,] and distances[,] and the jurors used the video in Exhibit D-3 to assess credibility. This [c]ourt's examination of the transcript and Exhibit D-3 establishes that the evidence supports the credibility determination of the jury and the apportionment of liability. Exhibit D-3 depicts that prior to impact, [Dooley] appeared to chase the vehicle that had darted in front of [him] and was engaged in improper braking with that vehicle in causing the accident. The jury was within its province to find that [Dooley] violated section 3364 of the vehicle code for stopping unnecessarily on the highway and apportioning higher negligence to him.

TCO at 7.

Having reviewed the arguments of the parties, the relevant testimony, and the dashcam video, we discern no abuse of discretion by the trial court. The evidence supports that Dooley suddenly and unnecessarily braked on a high-speed highway and, consequently, was mostly responsible for the accident that occurred.[4]  Thus, no relief is due.

Judgment affirmed.

_____

[4] We agree with Appellees that the jury may have found Dooley's estimate that he was traveling at 45 miles per hour at the time of impact to be improbable. *See* Appellees' Brief at 12; Dooley's Brief at 13. Tate testified at trial that he was "doing about 30, 35" miles per hour at the point of impact. N.T., 3/3/20, at 108. As Appellees observe, "[i]t is very likely that the speed of the Dooley vehicle when braking hard at the last second was substantially less than the speed estimated by [Dooley] during trial. If the jury believed the tractor trailer was going between 25 to 35 miles per hour at the time of contact, then the car of Dooley had to be moving at a slower speed or stopping…." Appellees' Brief at 17. Furthermore, while there was conflicting testimony from Tate and Dooley as to whether the road in front of Dooley was clear of traffic, the jury viewed the dashcam video, which supports that the road was clear enough that Dooley did not need to brake like he did, and, notably, no other vehicles were involved in the collision. *See* Appellees' Brief at 15, 28.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2021